1
2
3
4
5
6
7                     **UNITED STATES DISTRICT COURT**
8                     **NORTHERN DISTRICT OF CALIFORNIA**
9                          **SAN FRANCISCO DIVISION**
10

11  KYLE HUDSON,                              Case No. 14-cv-00620 NC
12              Plaintiff,                    **ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER**
13         v.
                                              Re: Dkt. No. 1
14  MARTIN ZIEBARTH, ROBERTO RUIZ,
    JR., and E. MARTIN,
15
                Defendants.
16

17

18      On February 10, 2014, defendant Martin Ziebarth removed this action to federal court
19  on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Dkt. No. 1 ¶¶ 2-3. The
20  Court issues this order *sua sponte* to address a procedural defect in the notice of removal.
21      Federal courts are courts of limited jurisdiction and are presumptively without
22  jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In
23  deciding whether removal is proper, courts strictly construe the removal statute against
24  finding jurisdiction, and the party invoking federal jurisdiction bears the burden of
25  establishing that removal is appropriate. *Provincial Gov't of Marinduque v. Placer Dome,*
26  *Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).
27      The question here is whether the removal is procedurally defective for failure to join
28  the non-removing defendants. All defendants who have been properly joined and served

must join in or consent to the removal of the action. 28 U.S.C. § 1446(2)(a). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) (citations omitted), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Ziebarth does not allege that the non-removing defendants, Roberto Ruiz, Jr. and E. Martin, join in the notice of removal or that they have not been served. Nor have the non-removing defendants filed notices of joinder in the removal. Due to his failure to affirmatively explain the absence of such a joinder, Ziebarth's notice of removal is defective. Accordingly, Ziebarth has until February 26, 2014, to amend his removal notice to cure the defects identified in this order and show cause why removal is proper. If Zierbath does not establish that removal is proper, the Court will remand this action to state court and may order other relief as justice requires.

Ziebarth must also consent or decline the jurisdiction of a magistrate judge by February 26, 2014. See attached consent/declination form.

IT IS SO ORDERED.

Date: February 13, 2014

Nathanael M. Cousins
United States Magistrate Judge